# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

JEFFERY DUANE MAYNARD, )
 )
      Petitioner, )
 )
vs. ) Case No. 14-CV-266-GKF-FHM
 )
JOE M. ALLBAUGH, Director,[1] )
 )
      Respondent. )

## OPINION AND ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1). Petitioner is a state inmate and appears pro se. Respondent filed a response (Dkt. # 6) to the petition and provided the state court record (Dkt. ## 6, 7, 8, 9) for resolution of the claims raised in the petition. Petitioner did not file a reply to the response. For the reasons discussed below, the petition for writ of habeas corpus shall be denied.

## *BACKGROUND*

On October 16, 2010, Tulsa police officers went to the Tulsa Select Hotel in search of Petitioner Jeffery Duane Maynard. Based on information received from a person detained for shoplifting, the officers suspected that Petitioner was manufacturing methamphetamine at the hotel. First, the officers went to Room 162. As the officers approached the room, they smelled the strong chemical odor associated with methamphetamine. They gained entry to the room and found three

---

[1] Petitioner is in custody at Lawton Correctional Facility, a private prison. Pursuant to Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*, the proper party respondent in this matter is Joe M. Allbaugh, Director of the Oklahoma Department of Corrections. Therefore, Joe M. Allbaugh, Director, is substituted in place of Robert C. Patton, Director, as party respondent. The Clerk of Court shall note the substitution on the record.

occupants: Shannon Johnson, Perry Williams, and Tony Brown. The officers found a one-pot methamphetamine lab in the bathroom of Room 162. One of the occupants told the officers that Jeffery Maynard was in Room 463. Based on that information, the officers proceeded to Room 463. They again smelled the strong chemical odor of methamphetamine as they approached the room. One officer telephoned the room and told the man who answered that there was an emergency downstairs and that he needed to leave. The officers then observed two men leave Room 463. As the door opened, visible vapors came out of the room. One of the men, identified as Jeffery Maynard, carried a black duffel bag found to contain two one-liter plastic bottles used as one-pot methamphetamine labs. The other man leaving Room 463 was identified as Ryan Lane.

As a result of those events, Petitioner and co-defendants Shannon Johnson, Perry Williams, and Tony Brown were charged in Tulsa County District Court, Case No. CF-2010-4103, with Manufacturing a Controlled Dangerous Substance (Methamphetamine).[2] Petitioner was charged with committing the crime After Former Conviction of Two or More Felonies. During Petitioner's jury trial, both Johnson and Williams testified for the prosecution. At the conclusion of a two stage trial, Petitioner's jury found him guilty as charged and recommended a sentence of fifty (50) years imprisonment and a $100,000 fine. On December 21, 2011, the trial judge sentenced Petitioner in accordance with the jury's recommendation. During trial proceedings, Petitioner was represented by attorneys Stanley D. Monroe and Stephen G. Layman.

---

[2]The docket sheet for Tulsa County District Court, Case No. CF-2010-4103, viewed at www.oscn.net, demonstrates that both Johnson and Williams entered guilty pleas to a reduced charge of Unlawful Possession of a Controlled Drug and received deferred sentences. The charge against Brown was dismissed.

Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA). On direct appeal, Petitioner, represented by attorney Terry J. Hull, raised six (6) propositions of error, as follows:

> Proposition 1: The trial court committed plain error by instructing Appellant's jury that the status of Shannon Johnson and Perry Williams as accomplices and, therefore, the necessity of any independent corroboration of their testimony, was for the jury to decide, in violation of Appellant's due process rights under the 14th Amendment to the United States Constitution, [and] Art. II, § 7, of the Oklahoma Constitution.
>
> Proposition 2: Appellant was denied the effective assistance of trial counsel when counsel failed to request proper accomplice status instructions as to Shannon Johnson and Perry Williams, in violation of his rights under the 6th and 14th Amendments to the United States Constitution and Art. II, §§7 and 20, of the Oklahoma Constitution.
>
> Proposition 3: The prosecution unmistakably injected the issue of parole into the sentencing proceedings, denying Appellant's due process rights to a fair sentencing trial under the 14th Amendment to the United States Constitution and Art. II, § 7, of the Oklahoma Constitution.
>
> Proposition 4: Appellant was denied the effective assistance of trial counsel when counsel failed to object to the prosecution's argument injecting parole considerations into the proceedings, in violation of his rights under the 6th and 14th Amendments to the United States Constitution and Art. II, §§ 7 and 20, of the Oklahoma Constitution.
>
> Proposition 5: The trial court committed plain error by erroneously instructing the jury that a fine of at least $50,000 was mandatory, denying Appellant's due process rights to a fair sentencing trial under the 14th Amendment to the United States Constitution and Art. II, § 7, of the Oklahoma Constitution.
>
> Proposition 6: Cumulative error denied Appellant a fair sentencing determination and resulted in an excessive sentence.

(Dkt. # 6-1). On April 29, 2013, in an unpublished summary opinion filed in Case No. F-2011-1140, the OCCA denied relief and affirmed the Judgment and Sentence of the trial court. See Dkt. # 6-3. Petitioner did not file a petition for writ of certiorari at the United States Supreme Court.

On September 16, 2013, Petitioner filed an application for post-conviction relief in state district court alleging ineffective assistance of appellate counsel. See Dkt. # 6-4 at 5. That application was denied on October 25, 2013. Id. Petitioner did not perfect a post-conviction appeal. However, on December 26, 2013, Petitioner filed a second application for post-conviction relief requesting an appeal out of time. Id. By Order filed January 28, 2014 (Dkt. # 6-4), the state district judge found that Petitioner failed to show that his failure to perfect a timely post-conviction appeal was through no fault of his own and, for that reason, declined to recommend that Petitioner be granted a post-conviction appeal out of time. Petitioner appealed. By Order filed March 6, 2014, in Case No. PC-2014-0162 (Dkt. # 6-6), the OCCA denied Petitioner's application for a post-conviction appeal out of time.

On May 27, 2014, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). Petitioner raises the following grounds of error:

Ground 1: The state court of last resort's review of Petitioner's constitutional claims violated clearly established federal law as determined by the Supreme Court. 28 U.S.C. 2254(d)(1).
The trial court committed plain error by instructing Petitioner's jury that it was to determine status of accomplices Shannon Johnson and Perry Williams as well as necessity of independent corroboration of their testimony was for jury to determine.

Ground 2: Ineffective assistance claims review by state court of last resort [was] contrary to clearly established law as determined by the Supreme Court of the United States.
Trial counsel failed to request proper status instruction with respect to accomplice status of Shannon Johnson and Perry Williams.

Ground 3: The state court of last resort's review of Petitioner's ineffective for failure to object to prosecution injecting issue of parole into the sentencing phase of trial, violated clearly established federal law as determined by the U.S. Supreme Court. 28 U.S.C. 2254(d)(1),(2).

4

>           Counsel failed to object to prosecutor's repetitive injection of prior felonies
>           to jury prejudiced due process provisions and fair proceeding.
>
> Ground 4: State court review of Petitioner's due process claim the trial court erred by
>           erroneously instructing jury on fine of at least 50,000.00 was mandatory was
>           contrary to clearly established constitutional law as determined by the
>           Supreme Court of the United States.
>           Counsel failed to object to instruction on mandatory fine of not less than
>           $50,000.00. The jury was improperly instructed as a result.

Id. Respondent filed a response (Dkt. # 6) to the petition and argues that Petitioner is not entitled to relief either under 28 U.S.C. § 2254(d) or because his claims are procedurally barred.

## *ANALYSIS*

### A. Exhaustion/Evidentiary Hearing

Before addressing Petitioner's habeas claims, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b). See Rose v. Lundy, 455 U.S. 509, 510 (1982). With the exception of the ineffective assistance of counsel claim raised in part of Ground 4, Petitioner's claims were presented to the OCCA on direct appeal and are exhausted. The ineffective assistance of counsel claim raised in part of Ground 4 is unexhausted. However, in light of the procedural posture of this case, the Court finds an absence of available State corrective process, see 28 U.S.C. § 2254(b)(1)(B), and dismissal is not required based on Petitioner's failure to exhaust state remedies. Nonetheless, as discussed in Part C, below, habeas corpus relief on the unexhausted claim is denied based on an anticipatory procedural bar.

The Court also finds that Petitioner is not entitled to an evidentiary hearing. See Cullen v. Pinholster, 563 U.S. 170, 184-85 (2011); Williams v. Taylor, 529 U.S. 420 (2000).

**B. Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 102-03 (2011); Williams v. Taylor, 529 U.S. 362, 386 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions." White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice." White, 134 S. Ct. at 1702 (citing Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003)). The petitioner "'must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Id. (quoting Richter, 562 U.S. at 103); see also Metrish v. Lancaster, 133 S. Ct. 1781, 1787 (2013). Section 2254(d) bars relitigation of claims adjudicated on the merits in state

courts and federal courts review these claims under the deferential standard of § 2254(d). Richter, 562 U.S. at 98; Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

Additionally, Oklahoma defines plain error as "an error which goes to the foundation of the case, or which takes from a defendant a right essential to his defense," Simpson v. State, 876 P.2d 690, 698 (Okla. Crim. App. 1994), and "impinges on the fundamental fairness of trial." Cleary v. State, 942 P.2d 736, 753 (Okla. Crim. App. 1997). Addressing Oklahoma's definition of plain error, the Tenth Circuit found that there was "no practical distinction between the formulations of plain error . . . and the federal due-process test, which requires reversal when error so infused the trial with unfairness as to deny due process of law." Thornburg v. Mullin, 422 F.3d 1113, 1125 (10th Cir. 2005) (citation and internal quotation marks omitted). Therefore, when the OCCA applies the plain error standard of review, this Court must defer to its ruling unless it "unreasonably appli[ed]" the test. Id. (internal quotation marks omitted).

Here, Petitioner presented Grounds 1-3 and part of Ground 4 to the OCCA on direct appeal. Because the OCCA addressed those claims on the merits, the Court will review those claims under the standards of § 2254(d).

**1. Improper jury instructions**

In general, matters concerning jury instructions are considered questions of state law and are not proper subjects of federal habeas corpus review under 28 U.S.C. § 2254. Patton v. Mullin, 425 F.3d 788, 807 (10th Cir. 2005); see Rose v. Hodges, 423 U.S. 19, 22 (1975) (stating federal habeas relief is not permitted for state law errors). It is well established that "errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, unless they are so fundamentally unfair as to deprive petitioner of a fair trial and [] due process of law." Nguyen v.

7

Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997) (internal quotation marks and citation omitted); see Maes v. Thomas, 46 F.3d 979, 984 (10th Cir. 1995) ("A state conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial." (citation omitted)).

To determine whether Petitioner was deprived of a fundamentally fair trial and due process of law, the Court must consider the challenged jury instructions "in the context of the instructions as a whole and the trial record" and ask if "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Estelle v. McGuire, 502 U.S. 62, 72 (1991) (internal quotation marks and citations omitted). "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." Maes, 46 F.3d at 984 (internal quotation marks and citation omitted). "In reviewing an ambiguous instruction . . . we inquire 'whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution." Estelle, 502 U.S. at 72 (citation omitted). The Court also considers that:

> [j]urors do not sit in solitary isolation booths parsing instructions for subtle shades of meaning in the same way that lawyers might. Differences among them in interpretation of instructions may be thrashed out in the deliberative process, with commonsense understanding of the instructions in the light of all that has taken place at the trial likely to prevail over technical hairsplitting.

Boyde v. California, 494 U.S. 370, 380-81 (1990).

### a. Improper accomplice instructions (Ground 1)

In Ground 1, Petitioner claims that the trial judge erred in instructing the jury that it was to determine whether or not Shannon Johnson and Perry Williams were accomplices as well as whether or not their testimony was sufficiently corroborated. See Dkt. # 1 at 5. The jury received instructions directing as follows:

> As to the witness, Perry Scott Williams, you are instructed that you are to determine whether or not he is an accomplice to the crime of which the defendant here stands charged. If you determine that he is an accomplice, you cannot convict the defendant upon the testimony Perry Scott Williams unless you find that his testimony is corroborated as provided in these instructions.

(Dkt. # 7-9, O. R. Vol. 2 at 277, Instruction No. 32). An identical instruction was issued for witness Shannon Johnson. See id. at 278, Instruction No. 33. With regard to corroboration, the jury was instructed that:

> In determining the question as to whether or not the testimony of an accomplice has been corroborated, you must first set aside his or her testimony entirely and then examine all of the remaining testimony, evidence, facts, and circumstances, and ascertain from such examination whether there is any evidence tending to show the commission of the offense charged and tending to connect the defendant with the offense. If there is, then the testimony of the accomplice is corroborated.

Id. at 280, Instruction No. 35.

On direct appeal, the OCCA reviewed this claim for plain error and ruled as follows:

> In Proposition One, we find that Appellant waived appellate review of his claim for all but plain error by failing to request the accomplice as a matter of law instruction (Inst. No. 9-30, OUJI-CR(2d) (Supp. 2012)). *Jones v. State*, 2006 OK CR 5, ¶ 39, 128 P.3d 521, 538. Appellant has shown the existence of an actual error plain on the record. *Hogan v. State*, 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923. As the co-defendants were charged in the case the jury should have been instructed that they were accomplices as a matter of law. *Brazen v. State*, 1994 OK CR 32, ¶ 39, 876 P.2d 240, 256; *Nunley v. State*, 1979 OK CR 107, ¶ 10, 601 P.2d 459, 462-63. However, as the accomplices' testimony was sufficiently corroborated, we find that Appellant has not shown that the error affected the outcome of the proceeding. *Howell v. State*, 1994 OK CR 62, ¶ 28, 882 P.2d 1086, 1092; *Bryan*, 1994 OK CR 32, ¶ 39, 876 P.2d at 256; *Sellers v. State*, 1991 OK CR 41, ¶ 31, 809 P.2d 676, 686. Thus, plain error did not occur. *Hogan*, 2006 OK CR 19, ¶ 38, 139 P.3d at 923. This proposition is denied.

(Dkt. # 6-3 at 2-3).

Thus, the OCCA determined that, under state law, the accomplice instructions were erroneous because the jury should have been instructed that the testifying co-defendants were accomplices as a matter of law. However the OCCA then found that the error did not affect the outcome of the proceeding and was harmless. When a state court finds that an error is harmless, federal habeas courts must determine if the error "had substantial and injurious effect or influence in determining the jury's verdict." Fry v. Pliler, 551 U.S. 112, 116 (2007) (quoting Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)); Littlejohn v. Trammell, 704 F.3d 817, 833-34 (10th Cir. 2013). This standard is mandated by the "[i]nterests of comity and federalism, as well as the State's interest in the finality of convictions that have survived direct review within the state court system." Littlejohn, 704 F.3d at 834. To grant relief, the reviewing court must have grave doubts as to the error's effect on the verdict, and if the court is in "virtual equipoise as to the harmlessness of the error," the court should "treat the error . . . as if it affected the verdict." Selsor v. Workman, 644 F.3d 984, 1027 (10th Cir. 2011) (quoting Fry, 551 U.S. at 121 n.3).

Having reviewed the trial record, the Court finds that the evidence presented at trial was strong and was sufficient to corroborate the accomplices' testimony. As a result, the faulty jury instructions did not have a substantial and injurious effect or influence on the jury's verdict. Petitioner fails to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. Habeas relief is denied at to Ground 1.

### b. Improper punishment instruction (part of Ground 4)

In part of Ground 4, Petitioner claims that the trial judge erred in instructing the jury that a fine of at least $50,000 was mandatory. See Dkt. # 1 at 10. The record confirms that, during the

sentencing phase of trial, Petitioner's jury was instructed that the punishment for a conviction for Manufacturing a Controlled Dangerous Substance with and without prior convictions included "a fine of not less than Fifty Thousand Dollars ($50,000.00)." See Dkt. # 7-9, O.R. Vol. 2 at 298-99, Instruction No. 51. On direct appeal, the OCCA reviewed this claim for plain error and ruled as follows:

> In Proposition Five, we find that Appellant waived appellate review of his claim for all but plain error by failing to object to the trial court's instruction upon the statutory range of punishment at trial. *Jones*, 2006 OK CR 5, ¶ 39, 128 P.3d at 538. The plain language of 63 O.S.Supp.2005, § 2-401(G)(2), provides for payment of "a fine of not less than Fifty Thousand Dollars ($50,000,00), which shall be in addition to other punishment provided by law and shall not be imposed in lieu of other punishment." *Contra Coates v. State*, 2006 OK CR 24, ¶ 6, 137 P.3d 682, 684. Thus, the trial court is required to instruct the jury upon the term of imprisonment set forth in 21 O.S.Supp.2002, § 51.1 and the fine provided by § 2-401(G)(2) to give intelligent effect to this language. *See State v. Young*, 1999 OK CR 14, ¶ 27, 989 P.2d 949, 955 (setting forth the rules of statutory interpretation). As such, we find that Appellant has not shown the existence of an actual error plain on the record. *Hogan*, 2006 OK CR 19, ¶ 38, 139 P.3d at 923. Plain error did not occur. This proposition is denied.

(Dkt. # 6-3 at 4-5).

The OCCA found that, under state law, the challenged jury instruction was proper. As set forth above, this Court does not review alleged errors of state law. Upon review of the entire trial transcript, the Court concludes that the issuance of the instruction setting forth the fine did not result in a fundamentally unfair trial. Petitioner fails to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. Petitioner is not entitled to habeas relief on this part of Ground 4.

**2. Ineffective assistance of counsel (Grounds 2 and 3)**

In Grounds 2 and 3, Petitioner claims that he received ineffective assistance of trial counsel. See Dkt. # 1 at 6, 8. As discussed in more detail below, the OCCA cited Strickland v. Washington, 466 U.S. 668, 687 (1984), and denied relief on these claims.

Petitioner is not entitled to habeas relief on his claim of ineffective assistance of trial counsel unless he demonstrates that the OCCA's adjudication was contrary to, or an unreasonable application of, Strickland. Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Id. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). "The likelihood of a different result must be substantial, not just conceivable." Richter,

562 U.S. at 112. If Petitioner is unable to show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance fails. Strickland, 466 U.S. at 700. Thus, it is not always necessary to address both Strickland prongs. This Court's review of the OCCA's decision on ineffective assistance of counsel claims is "doubly deferential." Pinholster, 563 U.S. at 190 (noting that a habeas court must take a "highly deferential" look at counsel's performance under Strickland and through the "deferential" lens of § 2254(d)).

### a. Failure to object to erroneous jury instructions (Ground 2)

As his second ground of error, Petitioner claims that trial counsel provided ineffective assistance in failing to request proper accomplice jury instructions as to Shannon Johnson and Perry Williams. See Dkt. # 1 at 6. The OCCA cited Strickland and ruled as follows:

> As to Proposition Two, we find that Appellant has not shown that trial counsel rendered ineffective assistance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). In Proposition One we found that the trial court's failure to instruct the jury that the co-defendants were accomplices as a matter of law did not affect the outcome of the proceeding and thus did not constitute plain error. Therefore, we find that Appellant has not shown prejudice under *Strickland*. *Glossip v. State*, 2007 OK CR 12, ¶ 112, 157 P.3d 143, 161; *Bland v. State*, 2000 OK CR 11, ¶¶ 112-13, 4 P.3d 702, 730-31. This proposition is denied.

(Dkt. # 6-3 at 3).

In light of the Court's ruling in Part B(1)(a) above, that the trial court's issuance of the erroneous accomplice instructions was harmless error, Petitioner cannot show that counsel's failure to request the proper instructions was prejudicial. For that reason, Petitioner fails to demonstrate that the OCCA's adjudication of this claim of ineffective assistance of counsel was contrary to, or an unreasonable application of, clearly established law as determined by the Supreme Court. Petitioner is not entitled to habeas corpus relief on Ground 2.

13

### b. Failure to object to mention of parole during sentencing phase (Ground 3)

In Ground 3, Petitioner alleges that trial counsel provided ineffective assistance in failing to object to the prosecutor's allegedly improper injection of parole into the sentencing phase of trial. See Dkt. # 1 at 8. On direct appeal, the OCCA rejected the underlying prosecutorial misconduct claim, finding as follows:

> We review the prosecutor's comments under the standard set forth in *Simpson v. State*, 1994 OK CR 40, 876 P.2d 690. *Malone v. State*, 2013 OK CR 1, ¶ 41, 293 P.3d 198, 211-12. In light of the totality of the closing argument, we find that the prosecutor did not make an unmistakable reference to the pardon and parole system of Oklahoma to the prejudice of Appellant. *Darks v. state*, 1998 OK CR 15, ¶ 59, 954 P.2d 152, 167; *Hunter v. State*, 2009 OK CR 17, ¶ 9, 208 P.3d 931, 933 (finding error where prosecutor explicitly mentions defendant's prior receipt of suspended sentences); *Massingale v. State*, 1986 OK CR 6, ¶ 8, 713 P.2d 15, 16 (finding no error where prosecutor merely mentions sentence given in prior conviction). As such, we find that Appellant has not shown the existence of an actual error plain on the record. *Malone*, 2013 OK CR 1, ¶ 42, 293 P.3d at 212. This proposition is denied.

(Dkt. # 6-3 at 3-4). Based on that ruling, the OCCA also denied relief on Petitioner's claim of ineffective assistance of counsel for failing to object to the allegedly improper comments by the prosecutor, as follows:

> As to Proposition Four, we find that Appellant has not shown that trial counsel rendered ineffective assistance. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064 (1984). In Proposition Three we found that the prosecutor's comments did not constitute plain error. Therefore, we find that Appellant has not shown prejudice under *Strickland*. *Glossip*, 2007 OK CR 12, ¶ 112, 157 P.3d at 161; *Bland*, 2000 OK CR 11, ¶¶ 112-13, 4 P.3d at 730-31. This proposition is denied.

(Dkt. # 6-3 at 4).

During second stage closing argument, the prosecutor stated that Petitioner's sentences for his four (4) prior felony convictions dating from the mid-1980s totaled 35 years. See Dkt. # 7-6, Tr. Vol. 5 at 127. The prosecutor also stated that Petitioner had already had "four chances." Id. at 131.

14

Those statements are not unmistakable references to parole. Upon careful review of the prosecutor's second stage closing arguments, the Court cannot find that the arguments were improper. Because the statements were not improper, Petitioner cannot show that counsel's failure to object to the statements constituted deficient performance. Nor has Petitioner demonstrated that he suffered prejudice as a result of counsel's failure to object. For those reasons, Petitioner fails to demonstrate that the OCCA's adjudication of this claim of ineffective assistance of counsel was contrary to, or an unreasonable application of, clearly established law as determined by the Supreme Court. Petitioner is not entitled to habeas corpus relief on Ground 3.

**C. Procedural bar (part of Ground 4)**

As part of Ground 4, Petitioner alleges that trial counsel provided ineffective assistance in failing to object to the jury instruction requiring imposition of a fine of not less than $50,000. Although Petitioner claimed on direct appeal that the jury instruction was improper, he has never presented a claim of ineffective assistance of counsel for failing to object to the instruction to the OCCA. Because the OCCA would impose a procedural bar on this claim if Petitioner were to return to state court to file a third application for post-conviction relief, the claim is subject to an anticipatory procedural bar.

The doctrine of procedural bar prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes, 46 F.3d at 985; Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th

Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "in the vast majority of cases." Id. (internal quotation marks and citation omitted).

Here, Petitioner has not presented his Ground 4 claim of ineffective assistance of counsel to the OCCA and the Court finds that the claim is procedurally barred. Relying on Okla. Stat. tit. 22, § 1086, the OCCA routinely imposes a procedural bar on claims that could have been but were not raised in a prior application. That ruling is an "independent" state ground because it provides "the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. Additionally, a procedural bar based on Okla. Stat. tit. 22, § 1086, is an "adequate" state ground sufficient to bar the claims. See Ellis v. Hargett, 302 F.3d 1182, 1186 (10th Cir. 2002) (stating that Okla. Stat. tit. 22, § 1086, "is an independent and adequate state ground for denying habeas relief"). For those reasons, the unexhausted claim in Ground 4 is procedurally barred.

This Court may not consider the defaulted claim unless Petitioner is able to show "cause and prejudice" for the procedural default or demonstrate that a fundamental miscarriage of justice would result if his claim is not considered. See Coleman, 501 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "actual prejudice resulting from the errors of which he complains." U.S. v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a

16

petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

Petitioner did not file a reply to Respondent's response and makes no showing of "cause and prejudice" or a "fundamental miscarriage of justice." Accordingly, the Court concludes that it is procedurally barred from considering the merits of Petitioner's defaulted claim of ineffective assistance of counsel as raised in Ground 4. Coleman, 510 U.S. at 724. Habeas corpus relief on that ground is denied.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

### **Certificate of Appealability**

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court "indicate[s] which specific issue or issues satisfy [that] showing." 28 U.S.C. § 2253. A petitioner can satisfy the standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citation omitted). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of

17

reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484.

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decision by the OCCA was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935, 937-38 (10th Cir. 2004). As to the claim denied on a procedural basis, Petitioner has failed to satisfy the second prong of the required showing, i.e., that the Court's ruling resulting in the denial of the petition on procedural grounds was debatable. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall note the substitution of Joe M. Allbaugh, Director, in place of Robert C. Patton, Director, as party respondent.

2. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

3. A certificate of appealability is **denied**.

4. A separate Judgment shall be entered in this case.

**DATED** this 17th day of April, 2017.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT